UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| MARK NIX, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:15-CR-36-TAV-DCP-1 |
| | ) | 3:17-CV-214-TAV-DCP |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner Mark Nix has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. 93].[1] The government has responded in opposition [Doc. 95]. Because, based on the record before the Court, it plainly appears that Petitioner is not entitled to relief, it is not necessary to hold an evidentiary hearing,[2] and his motion will be **DENIED**.

### I. BACKGROUND

On March 4, 2015, a federal grand jury filed a seven-count indictment charging Petitioner with money laundering, conspiracy to distribute oxycodone, possession with intent to distribute oxycodone, and three counts of oxycodone distribution [Doc. 3]. On

---

[1] All docket citations refer to the criminal case, No. 3:14-CR-36-TAV-DCP-1, unless otherwise indicated.

[2] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

December 21, 2015, Petitioner pled guilty to the drug trafficking conspiracy [Doc. 55]. The other charges were dismissed [Doc. 92 p. 31]. The presentence investigation report ("PSR") contained enhancements based on the amount of drugs, Petitioner's leadership role, maintenance of a premises for a purpose of furthering drug activity, and status as a career offender under U.S.S.G. § 4B1.1 [Doc. 68, ¶¶ 69, 70, 72]. Petitioner filed objections to the PSR and disputed each enhancement [Doc. 70]. In the amended plea agreement, Petitioner waived certain rights, including his right to file a direct appeal or collaterally attack his sentence, with limited exceptions as to prosecutorial misconduct and ineffective assistance of counsel [Doc. 76]. On May 10, 2016, judgment was entered sentencing Petitioner to 198 months imprisonment followed by three years of supervised release [Doc. 81]. Consistent with the plea agreement, Petitioner did not file a direct appeal. The judgment has since become final. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). Petitioner now seeks relief under § 2255.

## II.     ANALYSIS

Petitioner raises two claims of ineffective assistance of counsel [Doc. 93-1 p. 1-2]. First, Petitioner claims that counsel failed to provide argument in support of his objection to the career offender enhancement under U.S.S.G. § 4B1.1 [*Id.*]. Second, he claims counsel failed to consult him regarding his right to appeal and failed to file a notice of appeal [*Id.*]. As discussed above, claims for ineffective assistance of counsel are expressly excepted from the collateral attack waiver provision in the plea agreement. Accordingly, this § 2255 motion is not waived, and the Court will address its merit.

The Court must vacate, set aside, or correct a prisoner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255. To obtain relief under § 2255 because of a constitutional error, the error must be one of "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A § 2255 petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). He must clear a significantly higher hurdle than would exist on direct appeal, *United States v. Frady*, 456 U.S. 152, 153 (1982), and demonstrate a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Claims of ineffective assistance of counsel are cognizable under § 2255. *Massaro v. United States*, 538 U.S. 500, 508–09 (2003). The Sixth Amendment guarantees criminal defendants the right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner alleging ineffective assistance of counsel must fulfill two criteria. First, a petitioner must establish that his counsel's performance was deficient, that is, falling "below an objective standard of reasonableness . . . under prevailing professional norms." *Id.* at 688. Counsel is presumed to have provided

3

effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689.

Second, a petitioner must show that his attorney's deficient performance prejudiced his defense, in the sense that "but for [counsel's error,] the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. If a petitioner fails to establish both deficiency and prejudice, the claim must be rejected. *Id.* at 697. Thus, "the inability to prove either one of the prongs – regardless of which one – relieves the court of any duty to consider the other." *Nichols v. United* States, 563 F.3d 240,249 (6th Cir. 2009) (*en banc*). For the reasons stated below, neither of Petitioner's claims provides a basis for relief.

### A. Objection to Career Offender Enhancement

Petitioner argues that the failure of his counsel to raise arguments in support of his objection to the career-offender enhancement under U.S.S.G. § 4B1.1 constitutes ineffective assistance of counsel.

Petitioner has not overcome the presumption that counsel provided effective assistance with respect to this issue. Petitioner faults his counsel for not presenting argument during the sentencing hearing in addition to the written objections to the PSR and sentencing memorandum [Docs. 93-1, 70, 71]. He argues that his conviction for

4

aggravated burglary does not count as a crime of violence either in the enumerated offenses clause or under the residual clause of U.S.S.G. § 4B1.2(a)(2).[3]

Under the residual clause, Petitioner argues the that Supreme Court's holding in *Johnson*,[4] which invalidated the residual clause in the Armed Career Criminal Act ("ACCA") as void for vagueness, extends to his case. The Sixth Circuit held in *United States v. Pawlak* that *Johnson* applied equally to the residual clause in the Guidelines, but this was not until May 13, 2016, four days after the sentencing hearing, and judgment had already been entered. 822 F.3d 902, 905 (6th Cir. 2016). Additionally, the Supreme Court has since held the Guidelines are not subject to vagueness challenges, abrogating the *Pawlak* decision. *Beckles v. United States,* 137 S. Ct. 886, 894 (2017). The residual clause was nonetheless removed from the Guidelines. At the time of sentencing, the residual clause was still intact.

Under the enumerated offenses clause, Petitioner argues that the definition no longer includes burglary, and these changes were made effective less than three months after Petitioner was sentenced. [Doc. 93-1, p.9]. He makes generic arguments that the Tennessee statute of his conviction[5] punishes conduct broader than the generic version of

---

[3] At the time of sentencing in 2016, § 4B1.2(a)(2) stated "any offense under federal or state law, punishable by a term of imprisonment exceeding one year, that – is burglary of a dwelling, arson, extortion, involves the use of explosives [enumerated offenses clause] or otherwise involves conduct that presents a serious potential risk of physical injury to another [residual clause]."

[4] *Johnson v. United States*, 135 S. Ct. 2551 (2015).

[5] Tenn. Code Ann. §39-14-403.

5

burglary. The case law is contradictory with his argument.[6] At the time of sentencing, burglary fell within the scope of the generic burglary definition, qualifying as an enumerated offense and thus a violent felony under the ACCA. *United States v. Priddy*, 808 F.3d 676, 684 (6th Cir. 2015). Since then, the Supreme Court has also held this statute to qualify. *United States v. Stitt*, 139 S. Ct. 399, 406 (2018) ("The relevant language of the Tennessee and Arkansas statutes falls within the scope of generic burglary's definition") (*rev'g United States v. Stitt*, 860 F.3d 854, 856 (6th Cir. 2017)).

That the case law or guidelines provisions were later changed is of no consequence to counsel's performance at sentencing. Counsel is not held ineffective for failure to predict or anticipate changes in the law. *E.g.*, *Thompson v. Warden, Belmont Corr. Inst.,* 598 F.3d 281, 288 (6th Cir. 2010); *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994) ("reasonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop."). This is so even if there are conflicting lower court opinions on the issue. *Lott v. Coyle*, 261 F.3d 594, 609 (6th Cir. 2001). If an issue is clearly foreshadowed by existing decisions, counsel's failure to raise that issue may constitute ineffective assistance. *Lucas v. O'Dea*, 179 F.3d 412, 420 (6th Cir. 1999). Given the several changes back and forth in the case law over time, this issue was not clearly foreshadowed by the then-available case law as to be an obvious

---

[6] While most cases hold directly as to qualification for the ACCA, the applicable language in the ACCA and U.S.S.G. § 4B1.2 are interpreted consistently under the presumption that "the same language in related statutes carries a consistent meaning." *United States v. Davis*, 139 S. Ct. 2319, 2329 (2019).

6

failure to argue. *Id.* (holding no ineffective assistance when the law was in a "curious state" with the courts "continu[ing] to grapple with the problem of . . . sentencing well after [the defendant] was tried.").

Additionally, this is different than the cases Petitioner relies upon wherein counsel failed to make any objection at all.[7] Here, counsel filed objections to the PSR [Doc. 70] and noted said objections in the sentencing memorandum [Doc. 71], but simply did not repeat or expand upon the argument at the hearing.

Petitioner has not proven counsel's performance to be ineffective with respect to this issue. The case law was not settled, nor did it clearly foreshadow a particular result. Counsel did make appropriate objections to this issue. The failure to expound further upon the objection at sentencing does not create ineffective assistance. As such, this claim is rejected.

### B. Consultation Regarding Appeal

Petitioner argues that despite expressing a desire to appeal to counsel, she never consulted with him about that possibility, making her ineffective [Doc. 93-1]. Instead, "counsel told me that I could not appeal and she never filed a notice of appeal." [Doc 96-

---

[7] *Arredondo v. United States*, 178 F.3d 778, 787 (6th Cir. 1999)("It is not clear what, if anything, [counsel] did for his client with regard to sentencing;" counsel failed to object to a flawed sentencing calculation); *United States v. Ford*, 918 F.2d 1343, 1350 (8th Cir. 1990)(defense counsel did not object to the probation officer's findings); *Spearman v. United States*, 860 F. Supp. 1234, 1245 (E.D. Mich. 1994)(defense counsel did not object to damaging information in the presentence report).

7

1]. Petitioner has not overcome the presumption that counsel provided effective assistance with respect to this issue.

The Sixth Amendment right to counsel does not require counsel to advise clients of direct appeal rights. *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998). Only if a defendant has specifically requested an appeal and counsel fails to do so, is it ineffective assistance of counsel. *Id.* This is so regardless of merit on appeal. *Id.* Expressing a desire to appeal is not sufficient to be a specific instruction. *Regalado v. United States*, 334 F.3d 520, 525 (6th Cir 2003). In the absence of such an instruction, the analysis is more fact-specific and dependent on a variety of factors.

Counsel is not under a bright-line duty to consult with a defendant regarding an appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). Instead, counsel has a duty to consult when (1) there is reason to think "a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal)" or (2) "that this particular defendant reasonably demonstrated" to counsel an interest in an appeal. *Id*. In making this decision, "courts must take into account all the information counsel knew or should have known." *Id.* The Court hypothesized that "suppose a sentencing court's instructions to a defendant about his appeal rights in a particular case are so clear and informative as to substitute for counsel's duty to consult. In some cases, counsel might then reasonably decide that he need not repeat that information." *Id*. at 479. Additionally, a "highly relevant" factor is whether the conviction follows a trial or guilty plea as a guilty plea "reduces the scope of potentially appealable issues and because such a plea may indicate

8

that the defendant seeks an end to judicial proceedings." *Id.* at 480. The sentencing court *must* consider whether the plea expressly reserved or waived some or all appeal rights. *Id.*

In this case, Petitioner entered into a plea agreement waiving his direct appeal rights with the exception of appealing a sentence above the guideline range or mandatory minimum [Doc. 76, ¶ 10(a)]. "It is well settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement." *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004) (quoting *United States v. Fleming*, 239 F.3d 761, 763–64 (6th Cir. 2001)).

Accordingly, "[o]nly challenges to the validity of the waiver itself may be advanced on appeal [, and such a waiver is] enforceable . . . so long as the waiver is done knowingly, intelligently and voluntarily." *Davidson v. United States*, No. 2:11-CV-2244, 2013 WL 6116688, at *3 (E.D. Tenn. Nov. 20, 2013) (citing *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007); *Davila*, 258 F.3d at 451–52; *Watson*, 165 F.3d at 489).

Petitioner's waiver in this case was done "knowingly, intelligently and voluntarily." *Watson*, 165 F.3d at 489. "This Court scrupulously complies with Rule 11 of the Federal Rules of Criminal Procedure governing acceptance of pleas and determines whether a defendant understands . . . the rights he is giving up by pleading guilty." *Davidson*, 2013 WL 6116688, at *3. Additionally, this Court "informs a defendant of, and determines that he understands, the terms of any appellate-waiver . . . in the plea agreement." *Id.*

This Court accepted the amended plea agreement at the sentencing hearing on May 9, 2016 [Doc. 92, p. 31] after having reviewed and discussed the agreement at the change

of plea hearing on December 21, 2015 [Docs. 92, p. 5; 55].  As a matter of course, this Court executes a plea colloquy addressing the considerations set forth in Rule 11; the Court asks defendant to acknowledge each waiver individually to ensure that the defendant understands each component and its exceptions.  Petitioner therefore knowingly, intelligently, and voluntarily waived his appellate rights.  Additionally, he does not challenge this finding in his motion [Doc. 93-1].

Petitioner states he wanted to appeal based on his arguments discussed *supra,* Part II.A [Doc. 93-1, p. 17].  Since this issue does not fall within the exception and he executed a valid waiver as to all other issues, he has waived his right to appeal.

This waiver weighs on whether Petitioner's counsel had a further duty to consult him regarding appeal.  The detailed colloquy at the change of plea hearing acts as a substitute for counsel's duty to consult.  *Flores-Ortega*, 528 U.S., at 479.  This Court's instructions to the defendant about his appeal rights were clear and informative, after which counsel may reasonably decide not to repeat information already communicated to and affirmatively acknowledged by the defendant.  *Id.*

Assuming, *arguendo*, that the plea hearing was not a substitute, Petitioner's argument still fails as the duty was not triggered.  Having already waived this issue, he had no nonfrivolous grounds on which he could appeal, failing to meet the first *Flores-Ortega* criterion.  *Id.* at 480.  As to the second, Petitioner claims that he told his attorney he wanted to appeal [Doc. 96-1].  However, demonstrating an interest in appeal presumes the actual possibility of an appeal, and Petitioner fails to show prejudice since any appeal would be

10

dismissed pursuant to his waiver. *United States v. Sharp*, 442 F.3d 946, 952 (6th Cir. 2006) (dismissing when the appellate-waiver provision only allowed for two exceptions, neither of which was met).

Furthermore, assuming, *arguendo*, that the duty to consult was triggered, Petitioner states "counsel's only advice following sentencing was that Petitioner could not appeal." Since Petitioner did not request an appeal regarding an issue within the waiver exception, his only available claim on direct appeal, there is no other substance regarding direct appeal about which counsel could consult. Counsel would then have fulfilled this duty by informing Petitioner that he is unable to appeal.

Overall, Petitioner's claim of ineffective assistance fails to prove deficient performance and prejudice. The validly executed waiver of his appeal rights and detailed colloquy of this Court indicate counsel need not consult Petitioner in excess of their discussion that he could not appeal. Thus, his claim is rejected.

### III.     CONCLUSION

For the reasons explained above, Petitioner is not entitled to relief under 28 U.S.C. § 2255, and his motion to vacate, set aside or correct his sentence [Doc. 93, No. 3:15-CR-36; Doc. 1, No. 3:17-CV-214] will be **DENIED**, and this action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Moreover, because Petitioner has not made a substantial showing of the denial of a constitutional right and

11

jurists of reason would not dispute the above conclusions, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b). A separate judgment will enter **DENYING** the motion [Doc. 93, No. 3:15-CR-36; Doc. 1, No. 3:17-CV-214].

    ENTER:

                                                          s/ Thomas A. Varlan
                                                          UNITED STATES DISTRICT JUDGE