UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

MARK NIX,                                )
                                         )
                Petitioner,              )
                                         )
v.                                       )        Nos.:  3:17-CV-214-TAV-DCP
                                         )               3:15-CR-36-TAV-DCP-1
UNITED STATES OF AMERICA,                )
                                         )
                Respondent.              )

## MEMORANDUM OPINION

This matter is before the Court for consideration of the Report and Recommendation

("R&R") entered by United States Magistrate Judge Debra C. Poplin on October 3, 2022

[Case No. 3:17-CV-214, Doc. 23; Case No. 3:15-CR-36, Doc. 144].[1]  The R&R addresses

petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255

("§ 2255 Motion") [Case No. 3:17-CV-214, Doc. 1; Case No. 3:15-CR-36, Doc. 93].  The

Court initially denied petitioner's § 2255 Motion [Doc. 8], and petitioner appealed the

Court's Memorandum Opinion to the Sixth Circuit Court of Appeals [Doc. 10].  While the

Sixth Circuit declined to issue a certificate of appealability on petitioner's first issue, the

court granted a certificate of appealability on the second issue [Doc. 12, pp. 6–7].  The

second issue addresses petitioner's claim that his counsel was ineffective for failing to file

a notice of appeal as instructed or to consult with him regarding an appeal [Doc. 13, p. 5].

_____

[1]  Unless otherwise indicated, all citations to the record are found on the docket of Case
No. 3:17-CV-214-TAV-DCP.

The Sixth Circuit remanded the case to this Court and instructed that an evidentiary hearing be held to determine the veracity of petitioner's claim [*Id.*]. The Court referred petitioner's claim to Judge Poplin for appointment of counsel and to conduct the evidentiary hearing [Doc. 14]. On April 6, 2022, Attorney Gerald Gulley was appointed to represent petitioner [Doc. 15], and Judge Poplin conducted the evidentiary hearing on June 8, 2022 [Doc. 20].

After conducting the evidentiary hearing, Judge Poplin issued the R&R on October 3, 2022 [Doc. 23], recommending that the Court deny petitioner's sole remaining claim in his § 2255 Motion and that no certificate of appealability be issued. After the time for objections had passed, petitioner filed a pro se motion to review the attorney-client relationship with Attorney Gulley, arguing that he had attempted to contact Attorney Gulley in order to file objections to the R&R but had been unable to reach him [Doc. 24]. The Court referred petitioner's motion to Judge Poplin [Doc. 29], and she ordered Attorney Gulley to either file a motion requesting that petitioner's pro se motion be withdrawn or requesting a hearing to review the attorney-client relationship [Doc. 30]. Attorney Gulley filed a motion to withdraw petitioner's pro se motion [Doc. 32], which was granted [Doc. 33]. In addition, Attorney Gulley filed a motion to allow late-filed objections to the R&R [Doc. 35], which was also granted [Doc. 36].

Petitioner filed objections to the R&R on January 25, 2023 [Doc. 37]. There was no response from the government, and the matter is now ripe for the Court's review. *See* E.D. Tenn. L.R. 7.1(a). For the reasons that follow, the Court **ACCEPTS** and **ADOPTS**

2

the R&R in whole [Case No. 3:17-CV-214, Doc. 23; Case No. 3:15-CR-36, Doc. 144], and petitioner's objections are **OVERRULED** [Doc. 37]. Petitioner's § 2255 Motion will be **DENIED** [Case No. 3:17-CV-214, Doc. 1; Case No. 3:15-CR-36, Doc. 93], this civil action will be **DISMISSED**, and a certificate of appealability **SHALL NOT ISSUE**.

## I. Background

The Court finds that the "Background" and "Summary of the Testimony" sections contained in the R&R adequately detail the relevant factual background and testimony in this case. Moreover, neither party has raised an objection to the factual basis or summary of the testimony in the R&R. *See Smith v. Detroit Fed'n of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987) (stating that "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review"). Consequently, the Court hereby adopts and incorporates the "Background" and "Summary of the Testimony" sections in the R&R [Doc. 23, pp. 1–15].

In the R&R, Judge Poplin recommends that the Court deny petitioner's sole remaining claim in his § 2255 Motion and that no certificate of appealability be issued [*Id.* at 24–25]. Judge Poplin first noted that in writing her recommendation, she considered the June 8th evidentiary hearing testimony, the documents and transcripts filed in petitioner's criminal case, and the parties' arguments [*Id.* at 17]. As an initial matter, she observed that petitioner signed the plea agreement, waiving his right to a direct appeal with the exception of appealing a sentence above the guideline range or mandatory minimum as set forth in Paragraph 10(a) [*Id.*]. Judge Poplin did not find petitioner's allegations that

3

Attorney Cravens never reviewed the Paragraph 10(a) appeal waiver provision with him to be credible [*Id.*]. Instead, Judge Poplin considered Attorney Cravens's testimony where she specifically detailed that in accordance with her standard practice, she read the entire plea agreement to petitioner and reviewed this Court's litany with petitioner prior to his change of plea hearing, which also included a review of the appeal waiver provision [*Id.*]. Judge Poplin found no indication that Attorney Cravens was less than fully credible when providing her testimony [*Id.*].

Judge Poplin further noted that the transcript of the December 21, 2015 change of plea hearing reflects that this Court reviewed Paragraph 10(a) in detail with petitioner and that petitioner affirmatively stated he understood, not only that the plea agreement contained the appeal waiver provision, but also that he understood the limited exception to the direct appeal waiver [*Id.* at 17–18]. Judge Poplin stated that petitioner's statements that Attorney Cravens never reviewed the appeal waiver provision with him is contradicted by a credible version of events outlined by Attorney Cravens as well as the hearing transcript [*Id.* at 18].

Judge Poplin next considered the Supreme Court's two-prong test for claims of ineffective assistance of counsel as stated in *Roe v. Flores-Ortega*, 528 U.S. 470, 476–477 (2000) [*Id.* at 18]. As to the first prong of whether defendant gave his counsel an express directive to file an appeal, Judge Poplin stated that petitioner and Attorney Cravens offered conflicting testimony [*Id.*]. Petitioner testified that immediately following his sentencing hearing, he told Attorney Cravens at counsel table that he wanted to appeal and that she

4

responded that he could not appeal because he had signed away his appeal rights [*Id.*]. Petitioner claims he was dumbfounded by her response as he thought everything was appealable [*Id.*]. By contrast, Attorney Cravens offered a reasonable explanation of why the parties amended the plea agreement on the day of the sentencing hearing—saving petitioner two levels of guideline time—resulting in a joint sentencing recommendation of 198 months, which this Court accepted [*Id.*]. She testified that she would have certainly had a conversation with petitioner at the counsel table immediately following the sentencing hearing, explaining that she always spoke afterwards with her clients about the results of the hearing [*Id.*]. Attorney Cravens did not recall having a discussion with petitioner about filing an appeal at the sentencing hearing or afterwards, and while she remembered speaking with petitioner's family after the hearing, she did not recall any discussion of petitioner's appellate rights [*Id.*].

Judge Poplin further relied on Attorney Cravens's testimony when she gave an accounting of how she handles criminal appeals of her cases [*Id.*]. Specifically, Judge Poplin found reliable Attorney Cravens's testimony where she stated that if a defendant pressed about filing an appeal of a conviction or sentence despite the waiver, she does not pass judgment on whether an appeal is frivolous [*Id.*]. Instead, she decides whether she wishes to participate by filing the notice of appeal, or if she does not wish to participate, she directs clients to the clerk's office [*Id.* at 18–19]. In any event, Attorney Cravens affirmatively testified that she has always filed a notice of appeal if directed to do so [*Id.* at 19]. In terms of this specific case, Judge Poplin looked at Attorney Cravens's

5

testimony where she stated that she does not recall petitioner saying anything about wanting to appeal, adding that there were unusual circumstances about petitioner such that she would have recalled if petitioner directed her to file an appeal "because that would be a 'significant unusual circumstance'" [*Id.*].

Judge Poplin next examined Marty Nix's testimony that he was sitting behind petitioner and Attorney Cravens at the sentencing hearing and heard petitioner tell Attorney Cravens that he wanted to appeal [*Id.*]. Specifically, Judge Poplin analyzed the part of Marty Nix's testimony where he testified that he heard petitioner state that he wanted to file an appeal immediately, and that Attorney Cravens responded that he could not appeal, petitioner signed his rights away, and "it's a done deal" [*Id.*]. Judge Poplin stated that as Attorney Cravens testified, there is quite a bit of distance between the gallery and counsel's table [*Id.*]. Judge Poplin also noted her familiarity with the courtroom in which petitioner was sentenced, finding that it strains credulity that Marty Nix could clearly hear petitioner and Attorney Cravens, especially in light of petitioner's testimony that he and Attorney Cravens talked in "low voices" [*Id.*].

After considering the hearing testimony, Judge Poplin found no indication that Attorney Cravens was less than fully credible [*Id.*]. On the other hand, Judge Poplin found the testimony of petitioner and Marty Nix to be less so [*Id.*]. In so finding, Judge Poplin placed emphasis on the detail provided by Attorney Cravens regarding her years of federal practice and handling of appeals in her criminal cases, and her specific recollection of petitioner and his unusual circumstances that would have caused her to recall if he had

6

directed her to file an appeal [*Id.*]. In addition, while petitioner stated that he was dumbfounded by Attorney Cravens response to his request to appeal, Judge Poplin noted that he made no mention of any further discussions between he and Attorney Cravens other than the purported two sentence exchange [*Id.*].

Judge Poplin further considered the fact that petitioner denied ever being told about the appeal waiver at any time, which Judge Poplin previously found not credible when weighed against Attorney Cravens's testimony that she read and reviewed the plea agreement, including the Paragraph 10(a) appeal waiver [*Id.* at 19–20]. Moreover, Judge Poplin took into account that during the change of plea hearing, this Court discussed Paragraph 10 with petitioner and separately addressed each section in Paragraph 10 [*Id.* at 20]. She noted that in response to questioning by this Court, petitioner testified that he understood each section [*Id.*]. In addition, during his sentencing hearing, petitioner testified that he had ample opportunity to discuss the amended plea agreement with Attorney Cravens, which maintained the Paragraph 10 appeal waiver provision. [*Id.*]. Based on these findings, Judge Poplin stated that the record clearly demonstrates that petitioner's testimony at his change of plea hearing and at his sentencing hearing is inconsistent with his testimony at the evidentiary hearing on June 8, 2022 [*Id.*]. The only evidence petitioner offered other than his own contention that he told Attorney Cravens that he wanted to appeal was the testimony of his brother, which Judge Poplin found lacking in credibility for the reasons previously stated [*Id.*].

Judge Poplin continued by finding that the plea agreement signed by petitioner that contained the Paragraph 10(a) waiver provision is evidence that he and Attorney Cravens discussed an appeal, and at that time, he did not wish to file one [*Id.*]. At the evidentiary hearing, Judge Poplin found no credible evidence that petitioner directed Attorney Cravens to file an appeal following his sentencing hearing [*Id.*]. Because Judge Poplin found petitioner's testimony less credible than Attorney Cravens's testimony, she stated that she could not find that petitioner directed or specifically instructed Attorney Cravens to file an appeal, citing to Sixth Circuit case law [*Id.*].

Finding there was no explicit instruction to appeal, Judge Poplin turned to the second prong of the analysis and considered whether Attorney Cravens consulted with petitioner about an appeal [*Id.* at 21]. Judge Poplin first noted that Attorney Cravens testified that she read the entire plea agreement to petitioner and reviewed this Court's litany with petitioner prior to his change of plea hearing, which included a review of the appeal waiver provision [*Id.*]. As noted previously, Judge Poplin did not credit petitioner's testimony denying that he had ever been told about the appeal waiver [*Id.*]. Therefore, from the record, Judge Poplin concluded that Attorney Cravens did consult with petitioner about an appeal at the time he signed the plea agreement [*Id.*].

In response to petitioner's argument, however, Judge Poplin next considered whether Attorney Cravens made a reasonable effort to discover petitioner's desire to appeal following his sentencing [*Id.*]. Because petitioner claimed that Attorney Cravens did not further consult with him at that time, Judge Poplin proceeded to examine whether she had

8

a constitutionally imposed duty to do so [*Id.*]. Petitioner asserted that not only did he express to Attorney Cravens that he wanted to file an appeal, but other facts existed at the time of sentencing that demonstrate he was interested in appealing [*Id.* at 22]. For example, petitioner stated that he objected to the career offender enhancement and argued that a sentence of 90 months was sufficient [*Id.*]. He asserted that a rational defendant would want to appeal given the 102-month difference between the requested sentence and the sentence imposed by this Court [*Id.*]. He added that non-frivolous grounds for an appeal existed because his conviction for aggravated burglary in Tennessee did not qualify as a "crime of violence," meaning he was not a career offender [*Id.*].

Judge Poplin found that counsel's duty to consult with petitioner about an appeal was not triggered following the sentencing hearing [*Id.*]. She noted that petitioner entered into a plea agreement, which was later amended, in which petitioner agreed to plead guilty to Count I in the indictment in exchange for dismissing Counts II through VII [*Id.*]. Attorney Cravens filed several objections to the presentence investigation report, but during the sentencing hearing, she announced to the Court, "[Petitioner] has reviewed the [A]mended [P]lea [A]greement and in exchange for that recommended sentence of 198 months [Petitioner] is prepared to withdraw his objections to the Presentence Report" [*Id.* at 22–23]. Petitioner later testified at the sentencing hearing that he agreed to withdraw all his objections to the presentence investigation report [*Id.* at 23]. This Court explained that the presentence investigation report stated that his guideline range was 235 to 240 months, but because of the amended plea agreement, the new guideline range

9

was 188 to 235 months [*Id.*]. Petitioner testified that he understood, and this Court asked if he needed more time to discuss the guideline ranges with Attorney Cravens [*Id.*]. Petitioner responded, "No. I think we have pretty much got everything figured out" [*Id.*]. The parties presented a joint recommendation for a sentence of 198 months, which was accepted by this Court [*Id.*].

Judge Poplin found that while petitioner claims that his sentence was entered over his express objections, he received the sentence that he bargained for, and the amended plea agreement waived his direct appeal rights with the exception of appealing a sentence above the guideline range or mandatory minimum, neither of which occurred here [*Id.*]. Petitioner claimed that he had non-frivolous grounds for an appeal because he did not qualify as a career offender, but Judge Poplin noted that he knowingly agreed to waive his appeal rights [*Id.*]. She noted that during sentencing, this Court explained the basis for petitioner's status as a career offender, and petitioner testified that he understood [*Id.*]. Based on the totality of the circumstances, Judge Poplin found that counsel's duty to consult about filing an appeal was not triggered following the sentencing hearing, citing to Sixth Circuit case law [*Id.*].

Lastly, Judge Poplin considered whether this Court should issue a certificate of appealability on the final issue remaining in the § 2255 Motion, which would be necessary for petitioner to appeal the Court's ruling [*Id.* at 24]. Judge Poplin noted that petitioner failed to provide credible evidence to support his ineffective assistance of counsel claim, relying solely on his inconsistent testimony and the testimony of Marty Nix, which Judge

10

Poplin did not credit [*Id.*].  Judge Poplin found that reasonable jurists would not find that dismissal of petitioner's claim for ineffective assistance of counsel is debatable or wrong and recommended that no certificate of appealability be issued [*Id.*].

## II.    Standard of Review

The Court reviews *de novo* those portions of the R&R to which the petitioner has objected.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Accordingly, the Court considers the R&R, the § 2255 Motion, the parties' underlying and supporting briefs, the testimony at the evidentiary hearing, petitioner's objections, and the government's response to those objections, all in light of the applicable law.

## III.    Analysis

Petitioner raises four objections to the magistrate judge's R&R.  Specifically, he objects to the magistrate judge's findings that: (1) witness Marty Nix was not credible in his testimony that he heard petitioner express his desire to appeal the results of his sentencing to his trial counsel; (2) there was no credible evidence that petitioner directed his trial counsel to file an appeal after the sentencing hearing had concluded; (3) petitioner's trial counsel complied with the requirements of *Regalado v. United States*, 334 F.3d 520, 524 (6th Cir. 2003) and *Roe v. Flores-Ortega*, 528 U.S. 470 (2000); and (4) the District Judge should not issue a certificate of appealability [Doc. 37].

At the outset, the Court recites the standard of review for petitioner's 2255 § Motion. The Court must vacate, set aside, or correct a prisoner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not

11

authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255(b). To obtain relief under § 2255 because of a constitutional error, the error must be one of "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). A § 2255 petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence, *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006), and "must clear a significantly higher hurdle than would exist on direct appeal," *United States v. Frady*, 456 U.S. 152, 166 (1982).

## A. Credibility of Marty Nix's Testimony

Petitioner first objects to the magistrate judge's finding that witness Marty Nix was not credible in his testimony that he heard petitioner request of his trial counsel that he wished to appeal the results of his sentencing [Doc. 37, p. 1]. Specifically, petitioner argues that Judge Poplin incorrectly concluded that Marty Nix, as he sat in the courtroom during petitioner's sentencing, was not situated to hear petitioner tell his trial counsel that he wanted to appeal his sentence, based upon the trial attorney's speculation that petitioner's brother would be unable to hear [*Id.*]. As mentioned earlier, the government did not file a response to petitioner's objections.

The Court first notes that "[i]t has long been the practice of our judicial system to leave credibility determinations to the fact finder best equipped to make those

12

determinations." *United States v. Caldwell*, No. 1:13-cr-128, 2015 WL 179583, at *2 (E.D. Tenn. Jan. 14, 2015) (applying this principle to a magistrate judge's credibility finding from a suppression hearing). The Court finds that, because she presided over the evidentiary hearing, and heard the first-hand testimony of the parties and witnesses, Judge Poplin is in the best position to make a credibility determination in this case.

However, briefly addressing the merits of petitioner's argument, the Court acknowledges that the record reflects that Marty Nix testified that he was sitting behind petitioner and his counsel at the sentencing hearing [Doc. 23, p. 12]. He testified that after the Court announced the sentence, he heard petitioner and his counsel discuss "matters" [*Id.*]. He then stated that petitioner told his counsel that he wanted to appeal immediately [*Id.* at 12–13]. However, Marty Nix also testified that petitioner did not provide the grounds for his request for an appeal and that he just generally asked about an appeal [*Id.* at 13]. Thus, Marty Nix's testimony is contradictory in itself because while he stated petitioner told his counsel he wanted to appeal immediately, he also testified that petitioner just generally asked about an appeal [*Id.* at 12–13]. Petitioner telling his counsel he wants to appeal immediately and just generally asking about an appeal are two different conversations with different implications. *See Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000) (stating that "[c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's *express instructions* with respect to an appeal") (emphasis added).

13

In addition, Attorney Cravens testified that petitioner's brother and sister attended the sentencing and sat behind defense counsel's table [Doc. 23, p. 15]. However, she noted that in that particular courtroom, there is quite a bit of distance between the gallery and counsel's table [*Id.*]. The Court finds Attorney Cravens's testimony about the distance between the defense counsel table and the gallery to be credible, and, additionally, the Court agrees with Judge Poplin that it strains credulity that Marty Nix heard petitioner tell Attorney Cravens that he wanted to appeal immediately, seeing that petitioner testified that he and Attorney Cravens spoke in low voices [*Id.* at 10].

Based on the foregoing, the Court agrees with Judge Poplin's conclusion that Marty Nix's testimony lacks credibility where he stated that he heard petitioner express his desire to appeal the results of his sentencing to his trial counsel. Thus, petitioner's first objection to the R&R is **OVERRULED**.

B. **Evidence that Petitioner Directed His Trial Counsel to File an Appeal**

Next, petitioner objects to the magistrate judge's finding that there was no credible evidence that petitioner directed his trial counsel to file an appeal after the sentencing hearing had concluded [Doc. 37, p. 1]. Petitioner notes that witness Marty Nix testified that petitioner requested that his trial counsel file an appeal after the sentencing was over, and the circumstances of Marty Nix's presence in proximity to petitioner militate in favor of crediting that testimony [*Id.* at 1–2]. As mentioned earlier, the government did not file a response to petitioner's objections.

14

The Court struggles to distinguish petitioner's first objection from his second objection. In his first objection, petitioner challenged Judge Poplin's credibility determination of Marty Nix's testimony that he heard petitioner tell Attorney Cravens he wanted to file an appeal. In his second objection, petitioner challenges the credibility of the evidence relied on by Judge Poplin in finding petitioner did not direct his trial counsel to file an appeal. Specifically, the evidence petitioner takes issue with is Marty Nix's testimony that he heard petitioner tell Attorney Cravens that he wanted to file an appeal, arguing that Marty Nix's presence in proximity to petitioner militate in favor of crediting that testimony.

However, the Court has already addressed Judge Poplin's credibility determination of Marty Nix's testimony in petitioner's first objection. Thus, for the same reasons as stated previously, the Court agrees with Judge Poplin's conclusion that Marty Nix's testimony lacks credibility where he stated he heard petitioner express his desire to appeal the results of his sentencing to his trial counsel. As a result, the Court also agrees with Judge Poplin's finding that there was no credible evidence that petitioner directed his trial counsel to file an appeal after the sentencing hearing had concluded. Thus, petitioner's second objection to the R&R is **OVERRULED**.

### C. Trial Counsel Complied with Requirements of *Regalado* and *Flores-Ortega*

Petitioner further objects to the magistrate judge's finding that his trial counsel complied with the requirements of *Regalado v. United States*, 334 F.3d 520, 524 (6th Cir. 2003) and *Roe v. Flores-Ortega*, 528 U.S. 470 (2000) [Doc. 37, p. 2]. He suggests that

15

Judge Poplin erred in concluding that there was no explicit instruction from petitioner to his trial counsel to appeal, and in concluding that trial counsel had no constitutionally imposed duty to consult with petitioner regarding his right to appeal [*Id.*]. As mentioned earlier, the government did not file a response to petitioner's objections.

Claims of ineffective assistance of counsel are cognizable under § 2255. *Massaro v. United States*, 538 U.S. 500, 508–09 (2003). A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Supreme Court has held that "this test applies to claims . . . that counsel was constitutionally ineffective for failing to file a notice of appeal." *Flores-Ortega*, 528 U.S. at 477. Under the first prong, a petitioner must identify specific acts or omissions to prove that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," as measured by "prevailing professional norms." *Strickland*, 466 U.S. at 687–88, 690. Under the second prong, a petitioner must establish "a reasonable probability that, but for counsel's [acts or omissions], the result of the proceeding would have been different." *Id.* at 694. Because a petitioner must satisfy *both* prongs of *Strickland* to obtain relief on an ineffectiveness claim, "the inability to prove either one of the prongs—regardless of which one—relieves the reviewing court of any duty to consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (en banc); *accord Strickland*, 466 U.S. at 687.

In the context of an appeal, "it is 'professionally unreasonable' for a lawyer to fail to file an appeal when specifically instructed to do so." *Regalado v. United States*,

16

334 F.3d 520, 524 (6th Cir. 2003) (quoting *Flores-Ortega*, 528 U.S. at 477). As a result, if counsel fails to file a direct appeal upon request, a defendant is entitled to a delayed appeal without having to show any likelihood of success on the merits. *Regalado*, 334 F.3d at 525.

However, where a direct appeal is not specifically instructed, the question becomes whether counsel consulted with the defendant about an appeal. *Flores-Ortega*, 528 U.S. at 478. The Supreme Court has defined "'consult' to convey a specific meaning – advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* If counsel has not consulted with the defendant, "the court must in turn ask . . . whether counsel's failure to consult with the defendant itself constitutes deficient performance." *Id.* In other words, "[u]nder what circumstances does counsel have an obligation to consult with the defendant about an appeal?" *Id.*

Petitioner first challenges Judge Poplin's finding that there was no explicit instruction from petitioner to his trial counsel to appeal. At the outset, the Court notes that petitioner's change of plea hearing took place in front of this Court on December 21, 2015 [Case No. 3:15-CR-36, Doc. 55]. Pursuant to Federal Rule of Criminal Procedure 11, and the Court's standard practice, petitioner was asked under oath at his change of plea hearing whether he understood that his plea agreement contained a provision waiving the right to appeal his sentence. In particular, the appeal provision was contained in Paragraph 10(a)

of his plea agreement [Case No. 3:15-CR-36, Doc. 53, p. 5].[2] In addition, petitioner was asked under oath whether his lawyer had explained the terms of the plea agreement to him. Because this Court would not have accepted petitioner's guilty plea without him answering in the affirmative to these questions, petitioner was aware prior to sentencing that he was waiving his right to appeal [Case No. 3:15-CR-36, Docs. 53, 55].

"Solemn declarations in open court carry a strong presumption of verity[,]" and "[t]he subsequent presentation of conclusory allegations . . . is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Given the fact that petitioner agreed in open court that he was waiving his right to appeal, the Court finds that petitioner's claims that he specifically instructed Attorney Cravens to file an appeal are less than credible.

Petitioner has offered his own testimony along with the testimony of his brother Marty Nix to support his contention that he instructed Attorney Cravens to file an appeal. For the reasons previously stated, the Court agrees with Judge Poplin that Marty Nix's testimony lacks credibility where he stated that he heard petitioner tell Attorney Cravens to file an appeal. As a result, the only remaining evidence petitioner has left to rely on is his own testimony.

However, the Court agrees with Judge Poplin that compared to Attorney Cravens's testimony, petitioner's testimony is less than reliable. Petitioner testified that immediately

---

[2] As discussed later in this opinion, petitioner agreed to an amended plea agreement at his sentencing, which also included a waiver of appeal provision in Paragraph 10(a) [Case No. 3:15-CR-36, Doc. 76, p. 5].

18

following his sentencing hearing, he told Attorney Cravens at counsel table that he wanted to appeal and that she responded that he could not appeal because he had signed away his appeal rights [Doc. 23, p. 10]. Although petitioner testified that he was dumbfounded by her response because he thought everything was appealable [*Id.*], petitioner's statement is not credible in light of his statements in open court at his change of plea hearing where he acknowledged that he was waiving his right to appeal. Other than this purported discussion immediately following his sentencing, petitioner has made no mention of any further discussions between he and Attorney Cravens regarding his decision to appeal.

On the other hand, Attorney Cravens testified that she did not recall having any discussions with petitioner about filing an appeal at the sentencing hearing or afterwards [*Id.* at 14]. The only discussions she recalled having with petitioner about an appeal occurred prior to sentencing during her review with him of the plea agreement and the litany that this Court read during petitioner's change of plea hearing [*Id.*]. Attorney Cravens's statements regarding her review of the plea agreement with petitioner are corroborated by the fact that petitioner was asked under oath at the change of plea hearing whether his lawyer had explained the terms of the plea agreement to him, and he answered in the affirmative.

Moreover, Attorney Cravens testified that she has always filed a notice of appeal if directed to do so [*Id.* at 15]. Attorney Cravens testified that she would have recalled if petitioner directed her to file an appeal "because that would be a significant unusual circumstance, and there were lots of unusual circumstances about [petitioner]" [*Id.*]. She

19

further testified that she does not recall petitioner saying anything about wanting to appeal but had it been said, she would have recalled him stating so [*Id.*]. Furthermore, Attorney Cravens testified that even if a client directed her to file a frivolous appeal or an appeal in violation of the plea agreement, it is her practice to do so and then withdraw after filing the notice of appeal [*Id.*]. She testified that she would have absolutely filed a notice of appeal if petitioner had instructed her to do so [*Id.*].

Again, the Court notes that "[i]t has long been the practice of our judicial system to leave credibility determinations to the fact finder best equipped to make those determinations." *Caldwell*, 2015 WL 179583, at *2. Thus, because she presided over the evidentiary hearing, and heard the first-hand testimony of the parties and witnesses, Judge Poplin is in the best position to determine the credibility of petitioner and Attorney Cravens's testimony. Even in the absence of Judge Poplin's credibility determination, the Court's independent review of the record demonstrates that petitioner has not presented credible evidence to challenge the assertions made by Attorney Cravens. *See Moss v. United States*, 323 F.3d 445, 470 (6th Cir. 2003) (crediting an attorney's testimony as to his customary practice and noting the failure of the petitioner to present credible evidence challenging the attorney's assertions). Thus, the Court agrees with Judge Poplin that there is no credible evidence in the record suggesting that petitioner directed Attorney Cravens to file an appeal.

Petitioner next challenges Judge Poplin's finding that trial counsel had no constitutionally imposed duty to consult with petitioner regarding his right to appeal. The

Court notes that Judge Poplin did not rest her conclusion as to the second prong of the *Flores-Ortega* analysis on the finding that Attorney Cravens did not have a constitutionally imposed duty to consult with petitioner regarding his right to appeal. Instead, Judge Poplin first determined that Attorney Cravens did consult with petitioner about an appeal at the time he signed the plea agreement [Doc. 23, p. 21]. Having found that Attorney Cravens did consult with petitioner about an appeal, Judge Poplin was not required to undertake further analysis under *Flores-Ortega* in light of her finding that petitioner did not direct Attorney Cravens to file an appeal. 528 U.S. at 478. However, Judge Poplin addressed Attorney Cravens's constitutional duties for the purposes of petitioner's argument that Attorney Cravens did not consult with him [Doc. 23, p. 21]. As a result, because Judge Poplin found that Attorney Cravens did consult with petitioner about an appeal and petitioner did not direct her to file an appeal, analysis of Attorney Cravens's constitutional duties was unnecessary. However, the Court will address petitioner's objection nonetheless.

"[C]ounsel only has a constitutional duty to consult when 'a rational defendant would want to appeal . . . [or when] this particular defendant reasonably demonstrated to counsel that he was interested in appealing.'" *Neill v. United States*, 937 F.3d 671, 676 (6th Cir. 2019) (quoting *Flores-Ortega*, 528 U.S. at 480). The Court is required to "'judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct,' and 'judicial scrutiny of counsel's performance must be highly deferential[.]'" *Id.* (quoting *Flores-Ortega*, 528 U.S. at 477).

"In the circumstance where a defendant has pleaded guilty, a court should consider such factors as whether the defendant received the sentence bargained for as part of the plea, and whether the plea expressly reserved or waived some or all appellate rights." *United States v. Brock*, No. 6:12-053, No. 6:14–7372, 2015 WL 5039244, at *10 (E.D. Ky. Aug. 24, 2015) (citing *Flores-Ortega*, 528 U.S. at 480).

Attorney Cravens testified that she is not aware of any appealable issues in petitioner's case [Doc. 23, p. 14]. However, petitioner argued that that he objected to the career offender enhancement and argued that a sentence of 90 months was sufficient [*Id.* at 22]. Petitioner asserted that a rational defendant would want to appeal given the 102-month difference between the requested sentence and the sentence imposed by the Court [*Id.*]. Petitioner further argued that non-frivolous grounds for an appeal existed because his conviction for aggravated burglary in Tennessee did not qualify as a "crime of violence," meaning he was not a career offender [*Id.*].

However, the Court agrees with Judge Poplin that petitioner received the benefit of his bargain. Petitioner entered into a plea agreement where the government agreed to dismiss the remaining counts against him in exchange for his guilty plea to Count One of the indictment [Case No. 3:15-CR-36, Doc. 53, p. 1]. As mentioned earlier, petitioner agreed at the change of plea hearing that he was waiving the right to appeal his sentence under Paragraph 10(a) of the plea agreement and that his lawyer had explained the terms of the plea agreement to him [*Id.* at 5]. The only exception to this waiver was that petitioner

22

had the right to appeal a sentence imposed above the sentencing guideline range or above any mandatory minimum sentence [*Id.*].

At the sentencing hearing, petitioner agreed to withdraw his objections to the presentence investigation report in exchange for an amended plea agreement [Case No. 3:15-CR-36, Doc. 76], which lowered his guideline range from 235 – 240 months to 188 – 235 months [Case No. 3:15-CR-36, Doc. 92, pp. 4, 10]. After petitioner was asked under oath whether he had ample opportunity to discuss the amended plea agreement with his attorney, he answered yes [*Id.* at 5, 7]. The amended plea agreement included the same waiver of appeal provision that was included in the original plea agreement [Case No. 3:15-CR-36, Doc. 76, p. 5]. Petitioner initialed the amended plea agreement and stated that he had no questions about that amendment [Case No. 3:15-CR-36, Doc. 92, p. 6]. Moreover, petitioner agreed that in exchange for the amended plea agreement, he was withdrawing his objections to the presentence investigation report, which he agreed that he had reviewed with his attorney [*Id.* at 7].

The Court then proceeded to explain the implications of the amended plea agreement to petitioner, and that his new guideline range was 188 – 235 months, to which petitioner responded that he understood and did not need any further time to discuss with his attorney [*Id.* at 10]. Thereafter, petitioner received a sentence at the lower end of this guideline range of 198 months' imprisonment [Case No. 3:15-CR-36, Doc. 81]. Because this was not a sentence imposed above the sentencing guideline range or above any

23

mandatory minimum sentence, petitioner had no right to appeal his sentence under the terms of his amended plea agreement [Case No. 3:15-CR-36, Doc. 76, p. 5].

The Court further notes that petitioner was explained his status as a career offender at sentencing [Case No. 3:15-CR-36, Doc. 92, p. 16]. In addition, petitioner was asked whether he understood that if did not challenge his status as a career offender before the sentence was imposed, he would be barred from challenging it later, to which petitioner responded in the affirmative [*Id.*]. Petitioner further affirmed his prior conviction for aggravated burglary as a crime of violence [*Id.* at 15–17].

At this juncture, it bears repeating that "[s]olemn declarations in open court carry a strong presumption of verity[,]" and "[t]he subsequent presentation of conclusory allegations . . . is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge*, 431 U.S. at 74. Based on the record before the Court, the Court agrees with Judge Poplin that Attorney Cravens's duty to consult with petitioner about filing an appeal was not triggered following sentencing as a rational defendant in petitioner's position would have understood that he had no right to appeal. *See Shaw v. United States*, 498 F. Supp. 3d 944, 956 (E.D. Mich. 2020); *United States v. Washington*, No. 2:11–CR–20248, 2013 WL 8178395, at *11 (E.D. Mich. Sept. 5, 2013), report and recommendation adopted, No. 10-20202, 2014 WL 1304315 (E.D. Mich. Mar. 31, 2014); *see also Flores-Ortega*, 528 U.S. at 479–80 ("[I]t would be difficult to say" that counsel's failure to consult was "professionally unreasonable" where "a sentencing court's instructions to a defendant about his appeal rights in a particular case

24

are so clear and informative as to substitute for counsel's duty to consult."). Thus, petitioner's third objection to the R&R is **OVERRULED**.

### D. Certificate of Appealability

Finally, petitioner objects to the magistrate judge's finding that the District Judge should not issue a certificate of appealability [Doc. 37, p. 2]. Specifically, petitioner argues that the proof from the evidentiary hearing has established that (1) he has made the requisite showing of the denial of a constitutional right; (2) he has presented credible evidence in support of that showing; and (3) reasonable jurists would find Judge Poplin's assessment of his claims to be, at least, debatable [*Id.*].

Under 28 U.S.C. §§ 2253(a) and (c), a petitioner may appeal a final order in a habeas proceeding only if he is issued a COA, which should be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. §§ 2253(a), (c)(2). To obtain a COA, a petitioner must "demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Here, reasonable jurists would not disagree with the resolution of petitioner's claim of ineffective assistance of counsel because he has not made a substantial showing of the denial of a constitutional right. Specifically, in arguing he directed Attorney Cravens to file an appeal, petitioner relied solely on his own testimony and the testimony of his brother

25

Marty Nix, neither of which the Court finds credible in light of Attorney Cravens's testimony and the other evidence on the record. In addition, the evidence on the record demonstrates that no rational defendant in petitioner's position would have believed he had a right to appeal his sentence. Accordingly, a certificate of appealability **SHALL NOT ISSUE**.

## IV. Conclusion

For the reasons stated above, the Court **ACCEPTS** and **ADOPTS** the R&R in whole [Case No. 3:17-CV-214, Doc. 23; Case No. 3:15-CR-36, Doc. 144], and petitioner's objections are **OVERRULED** [Doc. 37]. The Court finds that petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255, and his motion to vacate, set aside, or correct sentence [Case No. 3:17-CV-214, Doc. 1; Case No. 3:15-CR-36, Doc. 93] will be **DENIED** and this civil action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed in forma pauperis on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE.** 28 U.S.C. § 2253; Fed. R. App. P. 22(b). A separate judgment will enter.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE